JUAN MARTÍNEZ–DOMÍNGUEZ, Plaintiff and Appellant, *v.* MANUEL SÁNCHEZ–EXTREMERA, Defendant and Appellee.

No. 4199. Argued April 8, 1927.—Decided April 30, 1928.

*Arjona & Arjona* for the appellant. *George C. Butte, Attorney General,* and *Arturo Ortiz Toro, Assistant Attorney General,* for The People as intervenor.

MR. JUSTICE WOLF delivered the opinion of the court.

Long ago, namely, on the 19th day of June, 1916, The People of Porto Rico began in Ponce a suit to annul the record of title that stood in favor of Juan Martínez Domínguez in the Registry of Property of Ponce. The defendant answered and also presented a cross-complaint against The People of Porto Rico. The District Court of Ponce on the 30th day of December, 1919, rendered judgment whereby it dismissed the complaint of The People of Porto Rico and found in favor of the cross-complainant. The judgment of the district court declared that the title of The People of Porto Rico was entirely null and void and ordered that The People of Porto Rico turn over the property to Juan Martínez Domínguez.

This judgment was appealed. On the 28th of June, 1920, the following judgment was rendered by this court:

"The hearing of this case having been held on June 25, 1920, at which only the appellant appeared, this Court has considered the

transcript and the brief of the *Fiscal,* the only party appearing; and, for the reasons stated in the foregoing opinion, decides to reverse, as it does reverse, the judgment rendered by the District Court of Ponce on December 30, 1919, only as regards that part which sustains the counter-complaint and declares void the title of the People of Porto Rico and orders the delivery of the property to Juan Martínez Domínguez; and to affirm it, as it is hereby affirmed, as to the other matters.''

The opinion (*People* v. *Martínez,* 28 P.R.R. 635) shows that the only ground on which the judgment of the District Court of Ponce was reversed was that The People of Porto Rico could not be sued without its own consent, neither by a direct complaint nor even by a cross-complaint.

Perhaps, where The People of Porto Rico bring the suit and a cross-complaint is filed, the doctrine of that case has been modified by our decision in the case of *People of P. R.* v. *Rabell,* 36 P.R.R. 116.

Nevertheless, the former case is the law for all the parties who intervened therein. It will be necessary in the present litigation to determine what was the effect of our reversal and in what state the suit before the District Court of Ponce was left.

The present suit is one in unlawful detainer against Manuel Sánchez Extremera, who as lessee of The People of Porto Rico is admittedly in possession of the land which Juan Martínez Domínguez is seeking to recover. The District Court of Ponce, on the 20th day of February, 1924, after a default, rendered judgment against the defendant and ordered that he be ousted from the premises. That judgment is not copied into the record, but there is no doubt from numerous references that such a judgment was rendered. The People of Porto Rico moved to intervene and prayed that the judgment be set aside. The District Court of Ponce on the 8th of March, 1924, on the ground that the request came too late, refused to permit the intervention of The People of Porto Rico. Subsequently the defendant, Manuel

Sánchez Extremera, asked that the judgment be set aside, evidently to allow The People of Porto Rico to intervene. This motion was granted and the judgment of the 20th of February, 1924, was set aside. Also, as we shall see, this order was appealed. The court thereafter, over the objection and exception of the complainant, allowed The People of Porto Rico to intervene, but not until the case was actually being tried on the merits.

The defendant and also the intervenor answered, setting up various matters. The complainant countered by saying in effect that the previous judgment of the District Court of Ponce, namely, the one bearing date December 30, 1919, was *res adjudicata* for the parties in this case. We come to the merits.

The defendant Manuel Sánchez Extremera is nothing more than a lessee of The People of Porto Rico and it is perfectly clear that he can claim no right that The People of Porto Rico could not claim. So far as The People of Porto Rico would be estopped by the previous suit, so would Manuel Sánchez Extremera. The District Court of Ponce in rendering judgment for the defendant in the present suit said that the parties were different. So far as the presence of Manuel Sánchez Extremera made a difference the District Court of Ponce was mistaken. Section 1219 of the Civil Code.

The District Court of Ponce also held that there was a conflict of titles and that such a matter could not properly be adjudicated in an unlawful detainer proceeding. If however, a conflict in titles has been previously decided between the same parties, the defeated party can not, by again alleging his title, put an end to the unlawful detainer suit. Our former jurisprudence, whatever else it may mean, is all on the basis that the title in question has never been adjudicated between the parties.

The court, however, also held that by our judgment the declaration previously made by the District Court of Ponce

that the title of The People of Porto Rico was null and void was reversed. The Attorney General of Porto Rico maintains that the judgment of the District Court of Ponce of December 30, 1919, simply dismissed the complaint of The People of Porto Rico; that the dismissal of the cross-complaint by the former judgment of this court left the parties in *statu quo;* that the whole matter stands just as if no suit had ever been begun; and that the previous suit left the supposed title of either party in the same condition as it would have been if the suit in question had never been begun. We do not agree, but we shall have to examine the facts of the previous litigation a little more intimately.

The opinion of this court in *People* v. *Martínez, supra,* was admitted in evidence and we reproduce the statement of facts as follows:

"In the year 1906 The People of Porto Rico acquired at public auction in a proceeding against Juan Giraldez for the collection of a bond given by him in favor of Francisco Giraldez a property situated in Pellejas and Vegas Abajo of the municipality of Adjuntas and since that time has been in possession of the property. This same property was purchased in the year 1908 by Juan Martínez Domínguez at an execution sale in an action of debt brought by him against the succession of Francisco Giraldez Cividanes. Since 1882 the property was recorded in the registry of property, first in the name of Francisco Giraldez Cividanes, by purchase title given to him in the year 1879, thereafter in the name of his succession, and still later in the name of Juan Martínez Domínguez. The People of Porto Rico did not record its title.

"On June 19, 1916, The People of Porto Rico brought an action in the District Court of Ponce against Juan Martínez Domínguez for the cancellation in the registry of property of the record of that property in the name of the defendant and for the annulment of his title. The defendant answered the complaint on January 6, 1917, alleging that Juan Giraldez, from whom The People of Porto Rico acquired the property, was not the owner of the property, which first belonged to Francisco Giraldez Cividanes in whose name it was recorded in the registry of property, then to his succession and finally to the defendant, who has it recorded also and who, although he has not the physical possession thereof, has paid the taxes thereon

to The People of Porto Rico. Thereafter, on November 25, 1919, the defendant filed in the same suit a counter-complaint against The People of Porto Rico for the annulment of its title; for a declaration that the property belongs exclusively to the counter-complainant, and for an order that it be delivered to him. The People of Porto Rico, represented by the district attorney of Ponce, answered the counter-complaint with a general denial and prayed that it be dismissed. The judgment entered in the action dismissed the complaint in all its parts, sustained the counter-complaint and declared null and void the title of The People of Porto Rico to that property, and further ordered that it be delivered to Martínez by The People of Porto Rico.''

Now it is evident from this statement of facts that Juan Martínez Domínguez had a good recorded title in the registry of property. This recorded title The People of Porto Rico attempted to annul and failed. The defendant in the same proceeding obtained a declaration that the title of The People of Porto Rico was null and void. This declaration as such was set aside on the mere technical ground that The People of Porto Rico could not be sued without its own consent. Nevertheless, there was a plenary suit in the former case refusing to annul the title of Juan Martínez Domínguez. Not only is this true, but it was shown that The People of Porto Rico attempted to record its title and failed. Whether it had so attempted or not, the outstanding fact was that the appellant had a recorded title to the property, which The People of Porto Rico unsuccessfully in a plenary suit attempted to destroy. So far as the appellant was concerned, he was presumably a third person. There is nothing in the record to destroy this presumption and it stands as a fact. He was not bound by any proceeding begun by The People of Porto Rico against Juan Giraldez. He took his title immediately from the Succession of Francisco Giraldez and mediately from Francisco Giraldez himself. Whether he was a third person or not he had a good recorded title and The People of Porto Rico was defeated in an attempt to destroy it. It was a complete litigated fact. The provision governing the

case is to be found in section 1219 of the Civil Code. Here there was the most complete identity of persons, because the original defendant is privy to The People of Porto Rico, the former being the lessee of the latter.

This was a case in which a judgment was rendered for the complainant on the 20th day of February, 1924. That judgment was set aside. On appeal it may be said that we affirmed the order setting aside on the offer or promise of The People of Porto Rico to present a good case. *Martínez v. Sánchez,* 33 P.R.R. 802. The motion to set aside contained no sufficient facts, but was based, it may be said, on the offer of The People of Porto Rico to present a good defense. Again in the present case there was a complete hearing where the parties presented all their evidence. It is unnecessary to consider the other errors raised. The judgment should be set aside and one rendered for the complainant without costs.

Mr. Justice Texidor took no part in the decision of this case.